**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**RICHARD M. ORTEGA**

        **Petitioner,**

vs.                                                                                              No. CIV 10-018 JH/WDS

**JOE R. WILLIAMS, Warden,**
**and GARY K. KING,**
**Attorney General for the**
**State of New Mexico,**

        **Respondents.**

## ORDER

     **THIS MATTER** comes before the Court on Petitioner Richard M. Ortega's ("Petitioner") Habeas Rule 5 Motion for Court Order Directing Respondents to Produce Transcripts from Specified State Court Habeas Corpus Proceedings filed June 21, 2010 [Doc. No. 24], Joe R. Williams, Warden, and Gary K. King, Attorney General for the State of New Mexico's ("Respondents") Objection to Motion To Produce State Court Transcripts filed July 1, 2010 [Doc. No. 25], and Petitioner's Reply to Respondents' Objection filed July 16, 2010 [Doc. No. 26]; and on Petitioner's Motion for Extension of Time to Traverse Respondents' Answer to Petition for Writ of Habeas Corpus filed August 16, 2010 [Doc. No. 27]. Having considered Petitioner's Motion to Produce State Court Transcripts, Respondents' Objection, and Petitioner's Reply and having considered Petitioner's Motion for Extension of Time, this Court finds that the Petitioner's Motion to Produce State Court Transcripts will be granted in part as set forth below, that this Court orders *sua sponte* additional portions of the record proper to be produced at this time, and that Petitioner's Motion for Extension of Time will be granted.

Petitioner requests certain transcripts of proceedings which he contends are necessary for the factual development of his innocence claim based on DNA evidence. Respondents object to such production claiming that the post-conviction testing proceedings are procedurally defaulted and that Petitioner's claim of actual innocence is without merit [Doc. No. 19, 25]. The record provided to the Court by the Respondents, however, is insufficient to make a determination regarding Petitioner's innocence claim based on DNA evidence as no documents have been provided regarding any post-conviction testing proceedings subsequent to the District Court's June 18, 2007 Order for Disclosure, Preservation, and Testing of DNA Evidence. [Doc. No. 19, Exh. W].

**IT IS THEREFORE ORDERED** that within thirty (30) days from the date of this Order, Respondents shall cause all state court records and transcripts be forwarded to this Court for the purpose of examination and review from the date of April 13, 2007[1] to present, with the assurance that the state court records and transcripts will be returned to the clerk of the proper court, or other appropriate state custodian, upon the termination of the proceedings herein. Respondents must file with the Clerk and serve on Petitioner a notice that the record proper is complete as ordered.

**IT IS FURTHER ORDERED** that Petitioner has forty five (45) days from the date of receipt of the notice that the record proper is complete as ordered to file his Reply to Respondents' Answer to Petition for Writ of Habeas Corpus.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Petitioner requests transcripts for proceedings dated December 21, 2006, January 26, 2007, April 13, 2007, June 29, 2007, August 10, 2007, February 18, 2009, and June 1, 2009. [Doc. No. 24]. The Court's Order encompasses all of these dates, except for December 21, 2006 and January 26, 2007. These two hearings were vacated. *See* Exh. BB to Respondent's Answer [Doc. No. 19].